IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LARRY DOUGLAS, ) | |
| ) | 4:05cv3207 |
| Plaintiff, ) | |
| ) | MEMORANDUM AND ORDER |
| vs. ) | |
| ) | |
| GOULD ELECTRONIC, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on filing no. 2, the Motion to Proceed In Forma Pauperis ("IFP"), filed by the pro se plaintiff, Larry Douglas, a prisoner. Mr. Douglas is alleged to have suffered "arrested development" and "diminished intelligence" as a result of lead poisoning caused by his proximity to a "Superfund site" while growing up. He is presently 50 years old, and he has been serving his present sentence in a state prison since 1992.

The plaintiff's previous complaint, in the handwriting of another prisoner, Billy Tyler, was dismissed for that reason and for a variety of others. The former complaint, like this one, is part of a recent group of recreational filings by prisoners who have responded to newspaper accounts of settlement activity between the Environmental Protection Agency and corporations which deposited hazardous waste in Omaha, Nebraska over many years.

By moving for leave to proceed IFP, the plaintiff subjects the complaint to review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

(A) the allegation of poverty is untrue; or

(B) the action or appeal--
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

One of the reasons for the dismissal of the plaintiff's former complaint is that the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") does not provide the plaintiff with a cause of action for his alleged personal injuries. CERCLA imposes liability on an owner or operator of a facility "from which there is a

1

release, or a threatened release which causes the incurrence of **response costs**, of a hazardous substance." 42 U.S.C. § 9607(a) (emphasis added). The plaintiff has incurred no response costs. There is no private cause of action under CERCLA to recover damages for personal injuries suffered as a result of violations of the statute. See, e.g., Cabana v. Forcier, 148 F. Supp.2d 110, 114 (D. Mass. 2001).

If the plaintiff is not relying upon CERCLA for his claim against the defendant, but instead relies upon Nebraska tort law, e.g., negligence or possibly, although unlikely, product liability law, the plaintiff's claim would necessarily be barred by the applicable statutes of limitations or repose. The plaintiff has been no where near a "Superfund site" since he began to serve his present sentence in 1992.

THEREFORE, IT IS ORDERED:

1.   That filing no. 2, the plaintiff's Motion to Proceed In Forma Pauperis, is denied at this time pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (failure to state a claim on which relief may be granted);

2    That the plaintiff shall have until September 26, 2005 to file an Amended Complaint specifying the nature of his cause of action or basis of his claim against the defendant, and the time frame in which his claim arose; and

3.   That in the absence of a timely and sufficient Amended Complaint, this action will be subject, without further notice, to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

DATED this 7th day of September, 2005.

BY THE COURT:

/s *Richard G. Kopf*
United States District Judge