IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LARRY DOUGLAS, | ) |
| Plaintiff, | ) 4:05cv3207 |
| vs. | ) ORDER on INITIAL REVIEW |
| GOULD ELECTRONIC, | ) |
| Defendant. | ) |

This matter is before the court for initial review[1] of the complaint filed by the plaintiff, Larry Douglas, a prisoner subject to the Prison Litigation Reform Act ("PLRA"). Liberally construing the complaint, the plaintiff seeks damages from the defendant for lead poisoning which the plaintiff sustained in his youth but only recently discovered. Accordingly to the plaintiff, the defendant caused the plaintiff's ill health by pollution of the plaintiff's neighborhood.

The plaintiff has not identified a jurisdictional basis for his claim. However, as Gould Electronics Inc. is an Arizona corporation,[2] and the plaintiff is a citizen of Nebraska, presumably the plaintiff relies on 28 U.S.C. § 1332, diversity of citizenship. For a federal district court to have jurisdiction of a civil action based on diversity of citizenship under 28 U.S.C. § 1332, the following requirements must be satisfied: The controversy must be between (a) citizens of different states; or (b) citizens of a state and citizens or subjects of a foreign state; or (c) citizens of different states and in which citizens or subjects of a foreign state are additional parties. Also, the matter in controversy must exceed $75,000. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means "complete diversity," i.e., that "the citizenship of each plaintiff is different from the citizenship of each defendant." Ryan v. Schneider National Carriers, Inc., 263 F.3d 816, 819 (8th Cir. 2001).

Based on that assumption, I provisionally find that this case need not be dismissed on initial review. Therefore, as initial review of the complaint is now completed, it is time for the plaintiff to obtain service of process on the defendant, as set forth below. Because the plaintiff is proceeding IFP, the U.S. Marshal will serve the defendant, after the plaintiff

---

[1]The Prison Litigation Reform Act ("PLRA") requires the court to screen civil rights complaints brought by prisoners, establishes criteria governing dismissal of prisoner complaints, restricts remedies, and dictates procedures in prisoner litigation. See, e.g., 28 U.S.C. § 1915A (screening of prisoner complaints).

[2]The headquarters of Gould Electronics Inc. is located at 2929 W. Chandler Blvd., Chandler, AZ 85224.

1

completes the appropriate forms.

IT IS THEREFORE ORDERED:

1. To obtain service of process on the defendant, the plaintiff must complete and return forms which the Clerk of Court will provide. The Clerk of Court shall send ONE summons and ONE Form 285 to the plaintiff together with a copy of this Order.

2. The plaintiff shall, as soon as possible, send the completed summons and 285 forms back to the Clerk of Court. In the absence of the completed forms, service of process cannot occur.

3. Upon receipt of the completed summons and 285 forms, the Clerk will sign the summons, to be forwarded, together with a copy of the complaint, to the U.S. Marshal for service of process.

4. The Marshal shall serve the summons and complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.

5. Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order the plaintiff is informed for the first time of these requirements, the plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process. The plaintiff is hereby notified that failure to obtain service on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.

6. If service has been obtained on no defendant by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

7. After an appearance has been filed by a defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other document submitted to the court. Parties usually serve copies of documents on other parties by first class mail.

8 The plaintiff shall include with each document submitted to the court a "Certificate of Service" stating the date a true and correct copy of such document was mailed to the defendant(s) or to the attorney of any represented defendant. To send communications to the court without serving a copy on the other parties to the case violates the rules of court.

9. A defendant has twenty (20) days after receipt of a summons to answer or otherwise respond to the complaint.

10. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

   11. The plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

   12. General instructions for completing the forms for service of process are attached to this Order.

   DATED this 24th day of October, 2005.

            BY THE COURT:

            s/ F. A. GOSSETT
            United States Magistrate Judge

INSTRUCTIONS:  SUMMONS FORMS AND FORMS 285
for plaintiffs proceeding pro se and in forma pauperis

1. A summons form provides notice to a defendant that the defendant has been sued and must answer or otherwise respond to the complaint.

2. A form USM-285 ("form 285") provides directions to the U.S. Marshal as to whom to serve with process and where to serve the defendant(s).  The U.S. Marshal serves the defendant(s) without cost to you because you are proceeding in forma pauperis ("IFP").

3. Do not copy your complaint to attach to the summons; the court will do that for you.

4. You may serve only defendant(s) named in the case caption of the complaint.  If you want to serve additional defendant(s), you must move for leave to amend the complaint to add the additional defendant(s) to the case caption.

5. Be sure to print your case number on all forms.

6. You must give an address for the party to be served.  The U.S. Marshal will not know a defendant's address.

7. Where a summons form states:  "You are hereby summoned and required to serve on plaintiff's attorney"  print your name and address.

8. Where a form 285 states:   "send notice of service copy to requestor at name and address" print your name and address.

9. Where a form 285 calls for  "signature of attorney or other originator" provide your signature and date the form.

10. Leave the last part of the summons form blank.  The court will fill in the number of days in which the defendant must answer, and the court will sign and date the form.